LAW OFFICE OF MICHAEL L. FRADIN
Michael L. Fradin, Esq.
8 N. Court St. Suite 403
Athens, Ohio 45701
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALLISON GILLIGAN,<br><br>                       Plaintiff,<br><br>     v.<br><br>HOCKING COUNTY, OHIO;<br>THE CITY OF LOGAN, OHIO;<br>WILLIAM MICKEY SHARPE;<br>KATIE HANNAH; and<br>JOSH MOWERY;<br><br><br>                       Defendants. | Case No. _____<br><br>**PLAINTIFF'S COMPLAINT AND<br>DEMAND FOR JURY TRIAL**<br><br><br>Presiding Judge _____<br>Magistrate Judge _____ |

## I.     INTRODUCTION

Plaintiff Allison Gilligan files this Complaint against Defendants Hocking County, the City of Logan, Ohio, William Mickey Sharpe, Katie Hannah, and Josh Mowery for their active involvement in and/or deliberate indifference towards the sexual and physical abuse Plaintiff has suffered.

## II.     PARTIES

A. Plaintiff

1.     Plaintiff Allison Gilligan ("Plaintiff") is, and at all times relevant was, a female resident of Ohio. Plaintiff's date of birth is July 21, 1998.

B. Defendants.

2.     Defendant Hocking County ("Hocking County") is a county located in southeastern Ohio.  Hocking County knew or should have known of the abuse suffered by Plaintiff through its agencies, agents, and/or partners, and was deliberately indifferent towards this abuse.

3.     Defendant William Mickey Sharpe ("Sharpe") is a male resident of Hocking County who sexually abused Plaintiff when she was a minor.

4.     Defendant City of Logan operates the Logan Police Department ("LPD"), which is a law enforcement agency at the city level. LPD knew of or should have known of the abuse suffered by Plaintiff through its own interactions with her and was deliberately indifferent towards this abuse.

5.     Defendant Katie Hannah ("Hannah") was, at all times relevant, an employee of Hocking County Children Services, and, by extension, Defendant Hocking County.

6.     Defendant Josh Mowery ("Mowery") was, at all times relevant, a police officer for LPD.

**III.    JURISDICTION AND VENUE**

7.     This action arises under the United States Constitution as applied to state and local authorities through 42 U.S.C. § 1983.

8.     This Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1343(a)(3).

9.     This Court has supplemental jurisdiction over state and common law claims pursuant to 28 U.S.C. § 1367(a).

10.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 (b)(1) and (b)(2).

11.     This action is timely brought pursuant to O.R.C. § 2305.111(c) because the Plaintiff was a minor at the time of the abuse alleged herein.

2

## IV. FACTS

### A. Background

12.     Plaintiff was a minor at the time of the wrongful acts and omissions alleged herein.

13.     On or about January 11, 2010, Defendant Sharpe became registered as a tier 1 sex offender due to a violation of O.R.C. 2907.04-1 (Unlawful Sexual Conduct with a Minor).

14.     In 2014, Defendant Sharpe began caretaking for Plaintiff; Plaintiff was often left in Defendant Sharpe's care for weeks at a time.

### B. Defendant Sharpe Sexually and Physically Abuses Plaintiff

15.     Between about July 2014 and about July 2016, Defendant Sharpe regularly sexually abused Plaintiff.

16.     During this time period, which was before Plaintiff could legally consent to sex, Defendant Sharpe forced Plaintiff into having sexual relations with him.

17.     While acting in loco parentis of Plaintiff, Defendant Sharpe leveraged his influence over Plaintiff to engage in sex acts with her and compel her submission and/or participation.

18.     Defendant Sharpe used several other methods to force Plaintiff's submission including, but not limited to, physically overpowering her, administering or overseeing the administration of Plaintiff's medication, and threatening Plaintiff's life and/or Plaintiff's sister's life.

19.     Defendant Sharpe physically struck Plaintiff on several occasions.

20.     On or about January 20, 2023, Defendant Sharpe was criminally convicted of

3

multiple counts of rape, sexual battery, gross sexual imposition, and unlawful sexual conduct with a minor in the Hocking County Court of Common Pleas in connection with his abuse of Plaintiff and others.

### C. Defendants LPD and Mowery's Deliberate Indifference to the Abuse

21.     While the abuse from Sharp was ongoing, Plaintiff attempted to run away from home many times.

22.     Plaintiff was never successful in getting far from her home because the LPD stopped her and brought her back to Sharp.

23.     The officer who often stopped her was Defendant Mowery.

24.     At all relevant times, Defendant Mowery was friends with Plaintiff's mother.

25.     Upon information and belief, on or about May 18, 2020, Defendant Mowery resigned from the LPD as part of a plea agreement stemming from a criminal investigation of Defendant Mowery.

26.     On multiple instances, Plaintiff told Defendant Mowery of the sexual abuse she was suffering.

### D. Defendants Hannah's and Hocking County's Deliberate Indifference

27.     In or around 2013, Defendant Hocking County Children Services assigned a case-worker to Plaintiff.

28.     At all relevant times, Hocking County Children Services knew of Defendant Sharpe's caretaking of Plaintiff and permitted Defendant Sharpe to have access to Plaintiff, despite Sharpe being a registered sex offender.

29.     During team meetings with Hocking County Children Services, Plaintiff's father requested that Hocking County Children Services take steps to ensure that Plaintiff not be left alone with Defendant Sharpe, because Sharpe was a registered sex offender.

30.     Hocking County Children Services, through its employees and agents, was deliberately indifferent to Plaintiff's father's requests that Plaintiff not be placed in the care of Defendant Sharpe.

31.     Plaintiff also notified Hocking County Children Services of the sexual abuse by Defendant Sharpe.  Defendant Hocking County, by and through the caseworker assigned to Plaintiff's case, Defendant Hannah, called Plaintiff a liar.

32.     No remedial action was taken by Defendant Hocking County Children Services following Plaintiff's or Plaintiff's father's reports and requests.

V.     **LEGAL CLAIMS**

**First Claim for Relief**
**Against Hocking County**
*Violation of 42 U.S.C. § 1983, Equal Protection Under the Fourteenth Amendment*
*(Monell Liability)*

33.     Plaintiff re-alleges all previous paragraphs as if set forth here in full.

34.     This claim is brought against Hocking County for its Children Services' policies, customs, and procedures, and its ratification of, and deliberate indifference to, civil rights violations.

35.     At all times relevant hereto, Defendant Hannah was an employee and/or agent of Hocking County Children Services, an arm of Hocking County.

36.     At all relevant times, Defendant Hannah was acting within the course and scope of her employment and within the scope of policies, practices, and customs of Hocking County Children Services and Hocking County, and in furtherance of the interests of Hocking County Children Services and Hocking County, and with the consent of Defendant Hocking County.

37.     At all times material hereto, Defendant Hannah was acting under the color of

5

law, as well as under the color of policies, practices, and customs of Hocking County

Children Services and Hocking County and deprived Plaintiff of the rights, privileges, and

immunities secured to Plaintiff by the Fourteenth Amendment to the United States

Constitution and the laws of the United States.

38.     At all times material hereto, Hocking County maintained a policy and

practice of permitting Defendant Hannah to deny needed services and/or protection due to

Plaintiff and discriminate against Plaintiff based on her gender.

39.     Defendant Hocking County was deliberately indifferent to Defendant

Hannah's dismissive and discriminatory behavior, allowing Defendant Hannah to remain

employed at Hocking County Children Services even after Plaintiff made a report to her and

she failed to provide required assistance, and called Plaintiff a liar.

40.     Defendant Hocking County, by and through Hocking County Children

Services, permitted Defendant Sharpe to be the caretaker for Plaintiff, willfully permitting

him to have access to Plaintiff, even though Defendant Sharpe was registered as a tier one sex

offender.

41.     As such, Hocking County maintained a policy and practice of deliberate

indifference towards Plaintiff's civil rights.

42.     Hocking County's policies, practices, customs, and actions actually and

proximately caused and enabled violations of Plaintiff's constitutional rights.

43.     Hocking County's conduct towards Plaintiff as described herein was

malicious, oppressive, or in reckless disregard of Plaintiff's rights such that punitive damages

are appropriate.

44.     As a result of the foregoing, Plaintiff has suffered and continues to suffer

extensive damages.

6

### Second Claim for Relief
### Against Defendant City of Logan, Ohio
*Violation of 42 U.S.C. § 1983, Equal Protection Under the Fourteenth Amendment*
*(Monell Liability)*

45.     Plaintiff re-alleges all previous paragraphs as if set forth here in full.

46.     This claim is brought against the City of Logan for LPD's policies, customs, and procedures, and its ratification of, and deliberate indifference to, civil rights violations.

47.     At all times relevant hereto, Defendant Mowery was an employee and/or agent of Defendant LPD.

48.     At all relevant times, Defendant Mowery was acting within the course and scope of his employment and within the scope of policies, practices, and customs of LPD, and in furtherance of the interests of LPD, and with the consent of LPD.

49.     At all times material hereto, Defendant Mowery was acting under the color of law, as well as under the color of policies, practices, and customs of LPD.  Defendant Mowery deprived Plaintiff of the rights, privileges, and immunities secured to Plaintiff by the Fourteenth Amendment to the United States Constitution and the laws of the United States.

50.     At all times material hereto, LPD maintained a policy and practice of permitting Defendant Mowery to deny needed services and/or protection due to Plaintiff and discriminate against Plaintiff based on her gender.

51.     LPD was deliberately indifferent to Defendant Mowery's dismissive and discriminatory behavior, allowing Defendant Mowery to remain employed with Defendant LPD for several years, even after Defendant Mowery repeatedly ignored Plaintiff's reports that she was being sexually abused.

52.     Defendant LPD maintained a discriminatory policy that resulted in dismissive and discriminatory behavior towards Plaintiff without exercising due diligence with regard to

7

her claims of abuse.

53. As such, LPD maintained a policy and practice of deliberate indifference that resulted in a deprivation of Plaintiff's civil rights.

54. LPD's policy of ignoring Plaintiff's reports of sexual abuse was discriminatory.

55. LPD's policies, practices, customs, and actions actually and proximately caused and enabled violations of Plaintiff's constitutional rights.

56. LPD's conduct towards Plaintiff as described herein was malicious, oppressive, or in reckless disregard of Plaintiff's rights such that punitive damages are appropriate.

57. As a result of the foregoing, Plaintiff has suffered and continues to suffer extensive damages.

**Third Claim for Relief**
**Against Defendant Hannah in her Individual Capacity**
***Violation of 42 U.S.C. § 1983, Equal Protection Under the Fourteenth Amendment***
***(Discrimination)***

58. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

59. Under the Fourteenth Amendment, Plaintiff has the right as a United States Citizen to personal security and the Equal Protection of Laws.

60. Defendant Hannah discriminated against Plaintiff and infringed on Plaintiff's fourteenth amendment rights when, rather than offering assistance in response to Plaintiff's reports of rape, Defendant Hannah called Plaintiff a liar.

61. Defendant Hannah was a state actor acting in her individual capacity under the color of state law.

62.     Defendant Hannah deprived Plaintiff of her rights in a manner that was so severe and objectively offensive that it violated Plaintiff's constitutional rights.

63.     Defendant Hannah was specifically tasked with protecting at-risk children as part of her role at Hocking County Children Services when she ignored Plaintiff's report.

64.     Defendant Hannah's conduct constitutes disparate treatment of victims based on gender and had a disparate impact on certain victims, namely Plaintiff.

65.     Plaintiff has had her life disrupted and has personally suffered and continues to suffer tremendous emotional and psychological distress, as a direct and proximate result of Defendant Hannah's misconduct.

66.     Further, Plaintiff has suffered and continues to suffer extensive economic damages as a direct and proximate result of Defendant Hannah's misconduct.

67.     Defendant Hannah's conduct as described herein violated Plaintiff's clearly established constitutional rights of which a reasonable person would have known.

68.     Defendant Hannah's conduct as described herein was malicious, oppressive, or in reckless disregard of Plaintiff's rights such that punitive damages are appropriate.

69.     As a result of the foregoing, Plaintiff has suffered and continues to suffer extensive damages.

**Fourth Claim for Relief**
**Against Defendant Mowery in his Individual Capacity**
*Violation of 42 U.S.C. § 1983, Equal Protection Under the Fourteenth Amendment*
*(Discrimination)*

70.     Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

71.     Under the Fourteenth Amendment, Plaintiff has the right as a United States Citizen to personal security and the Equal Protection of Laws.

9

72.    Defendant Mowery discriminated against Plaintiff and infringed on her fourteenth amendment rights when, rather than conduct any sort of investigation into Plaintiff's claims of abuse, he repeatedly returned her to her abusive and oppressive home environment.

73.    Defendant Mowery was a state actor acting in his individual capacity under the color of state law.

74.    Defendant Mowery deprived Plaintiff of her rights in a manner that was so severe and objectively offensive that it violated Plaintiff's constitutional rights.

75.    Defendant Mowery's conduct constitutes disparate treatment of citizens based on gender, and had a disparate impact on certain citizens, namely Plaintiff.

76.    Plaintiff has had her life disrupted and has personally suffered and continues to suffer tremendous emotional and psychological distress, as a direct and proximate result of Defendant Mowery's misconduct.

77.    Further, Plaintiff has suffered and continues to suffer extensive economic damages as a direct and proximate result of Defendant Mowery's misconduct.

78.    Defendant Mowery's conduct as described herein violated Plaintiff's clearly established constitutional rights of which a reasonable person would have known.

79.    Defendant Mowery's conduct as described herein was malicious, oppressive, or in reckless disregard of Plaintiff's rights such that punitive damages are appropriate.

80.    As a result of the foregoing, Plaintiff has suffered and continues to suffer extensive damages.

**Fifth Claim for Relief**
**Against Defendant Sharpe**
*Violations of O.R.C. § 2307.60 and O.R.C. § 2907.04(A)*
*(Unlawful sexual conduct with a minor)*

10

81.     Plaintiff re-alleges all previous paragraphs as if set forth here in full.

82.     O.R.C. § 2307.60 provides in part that "[a]nyone injured in person or property by a criminal act has, and may recover full damages in, a civil action".

83.     O.R.C. § 2907.04(A) provides that "[n]o person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard".

84.     Defendant Sharpe was more that eighteen years of age at the time he began engaging in sexual conduct with Plaintiff.

85.     Plaintiff was not Defendant Sharpe's spouse and was between thirteen and sixteen years of age the first time Defendant Sharpe engaged in sexual conduct with her.

86.     Defendant Sharpe knew Plaintiff's age at the time or was reckless with regard to her age.

87.     Plaintiff suffered and continues to suffer economic and non-economic damages as a result of Defendant Sharpe's misconduct, for which Defendant Sharpe is liable.

<u>**Sixth Claim for Relief**</u>
**Against Defendant Sharpe**
***Violations of O.R.C. § 2307.60, O.R.C. § 2907.02(A)(1)(a), and O.R.C. § 2907.02(A)(2)***
***(Rape)***

88.     Plaintiff re-alleges all previous paragraphs as if set forth here in full.

89.     O.R.C. § 2307.60 provides in part that "[a]nyone injured in person or property by a criminal act has, and may recover full damages in, a civil action".

90.     O.R.C. § 2907.02(A)(1)(a) provides that "[n]o person shall engage in sexual conduct with another who is not the spouse of the offender […] when […] for the purpose of preventing resistance, the offender substantially impairs the other person's judgment or

11

control by administering any drug, intoxicant, or controlled substance to the other person surreptitiously or by force, threat of force, or deception".

91.　　O.R.C. § 2907.02(A)(2) provides that "[n]o person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force".

92.　　Defendant Sharpe used force and/or threatened force to make Plaintiff take her medications. He did so in order to prevent her resistance to engaging in sexual conduct.

93.　　Defendant Sharpe engaged in sexual conduct with Plaintiff after compelling her to submit by threatening of force and/or by impairing Plaintiff's judgment through an drug, intoxicant, and/or controlled substance.

94.　　Plaintiff suffered and continues to suffer economic and non-economic damages as a result of Defendant Sharpe's misconduct, for which Defendant Sharpe is liable.

**Seventh Claim for Relief**
**Against Defendant Sharpe**
*Violations of O.R.C. § 2307.60 and O.R.C. § 2907.03(A)(1)(2)(3)(5)*
*(Sexual Battery)*

95.　　Plaintiff re-alleges all prior paragraphs as if set out here in full.

96.　　O.R.C. § 2307.60 provides in part that "[a]nyone injured in person or property by a criminal act has, and may recover full damages in, a civil action".

97.　　O.R.C. § 2907.03(A)(1) provides that "[n]o person shall engage in sexual conduct with another, not the spouse of the offender, when […] the offender knowingly coerces the other person to submit by any means that would prevent resistance by a person of ordinary resolution."

98.　　Defendant coerced Plaintiff to submit by repeatedly requesting she engage in sexual conduct with him despite her protests.

99.　　Defendant coerced Plaintiff to submit by threatening her life as well as the

12

life of her sister.

100.    O.R.C. § 2907.03(A)(2) provides that "[n]o person shall engage in sexual conduct with another, not the spouse of the offender, when […] the offender knows that the other person's ability to appraise the nature of or control the other person's own conduct is substantially impaired".

101.    Plaintiff used prescribed medications which incapacitated or otherwise substantially impaired her ability to appraise the nature of or control her own conduct.

102.    On several occasions, Defendant Sharpe engaged in sexual conduct with Plaintiff while she was incapacitated due to the prescription medications she was using.

103.    Defendant Sharpe held Plaintiff's prescription medications while caretaking for her.

104.    Defendant Sharpe knew how the prescription medications affected Plaintiff.

105.    Defendant Sharpe knew when Plaintiff was incapacitated due to the prescription medications.

106.    O.R.C. § 2907.03(A)(3) provides that "[n]o person shall engage in sexual conduct with another, not the spouse of the offender, when […] [t]he offender knows that the other person submits because the other person is unaware that the act is being committed".

107.    One of Plaintiff's prescribed medications would sometimes make her sleep.

108.    On multiple occasions, one of Plaintiff's other prescribed medications woke her up but did not allow her to move. When this happened, she often woke to Defendant Sharpe engaging in sexual conduct with her while she was incapacitated.

109.    Upon information and belief, Defendant Sharpe engaged in sexual conduct with Plaintiff when he knew she was submitting only because she was unconscious and was thus unaware the act was being committed.

110.    O.R.C. § 2907.03(A)(5) provides that "[n]o person shall engage in sexual conduct with another, not the spouse of the offender, when […] [t]he offender is [a] person in loco parentis of the other person".

111.    Hocking County Children Services vetted Defendant Sharpe and found that he was a safe individual to caretake Plaintiff, despite his tier one sex offender status.

112.    Plaintiff's mother often sent Plaintiff to stay with Defendant Sharpe, sometimes for weeks at a time.

113.    While caretaking Plaintiff, Defendant Sharpe was a person in loco parentis of Plaintiff.

114.    While a person in loco parentis of Plaintiff, Defendant Sharpe engaged in sexual conduct with Plaintiff.

115.    Plaintiff suffered and continues to suffer economic and non-economic damages as a result of Defendant Sharpe's misconduct, for which Defendant Sharpe is liable.

### Eighth Claim for Relief
**Against Defendant Sharpe**
***Violations of O.R.C. § 2307.60 and O.R.C. § 2907.05(A)(1)(2)(3)***
***(Gross Sexual Imposition)***

116.    Plaintiff re-alleges all prior paragraphs as if set out here in full.

117.    O.R.C. § 2307.60 provides in part that "[a]nyone injured in person or property by a criminal act has, and may recover full damages in, a civil action".

118.    O.R.C. § 2907.05(A)(1) provides that "[n]o person shall have sexual contact with another, not the spouse of the offender [or] cause another, not the spouse of the offender, to have sexual contact with the offender […] when […] [t]he offender purposely compels the other person […] to submit by force or threat of force".

119.    Defendant Sharpe had sexual contact with Plaintiff and caused Plaintiff to

14

have sexual contact with him.

120.    On more than one occasion, Defendant Sharpe compelled this sexual contact forcibly by using his physical strength.

121.    On more than one occasion, Defendant Sharpe compelled this sexual contact under threat of force when he threatened to kill Plaintiff and/or Plaintiff's sister if Plaintiff did not submit.

122.    O.R.C. § 2907.05(A)(2) provides that "[n]o person shall have sexual contact with another, not the spouse of the offender […] when […] [f]or the purpose of preventing resistance, the offender substantially impairs the judgment or control of the other person […] by administering any drug, intoxicant, or controlled substance to the other person surreptitiously or by force, threat of force, or deception".

123.    Plaintiff used prescribed medications to help maintain her mental health.

124.    These medications had side effects Defendant Sharpe knew of which substantially impaired Plaintiff's judgement or control.

125.    On one or more occasions while caretaking Plaintiff, Defendant Sharpe administered these drugs to Plaintiff under force or threat of force for the purpose of preventing her resistance.

126.    O.R.C. § 2907.05(A)(3) provides that "[n]o person shall have sexual contact with another, not the spouse of the offender [or] cause another, not the spouse of the offender, to have sexual contact with the offender […] when […] [t]he offender knows that the judgment or control of the other person or of one of the other persons is substantially impaired as a result of the influence of any drug or intoxicant administered to the other person with the other person's consent for the purpose of any kind of medical or dental examination, treatment, or surgery".

15

127.    Plaintiff used prescribed medications to help maintain her mental health.

128.    These medications had side effects Defendant Sharpe knew of which substantially impaired Plaintiff's judgement or control.

129.    Defendant Sharpe administered these medications to Plaintiff at least once with Plaintiff's consent for the purpose of treating her mental health conditions before proceeding to engage in sexual contact with Plaintiff while she was incapacitated.

130.    Plaintiff suffered and continues to suffer economic and non-economic damages as a result of Defendant Sharpe's misconduct, for which Defendant Sharpe is liable.

**Ninth Claim for Relief**
**Against Defendant Sharpe**
***Violations of O.R.C. § 2307.60 and O.R.C. § 2919.24(B)(2)***
***(Contributing to Unruliness or Delinquency of a Child)***

131.    Plaintiff re-alleges all prior paragraphs as if set out here in full.

132.    O.R.C. § 2307.60 provides in part that "[a]nyone injured in person or property by a criminal act has, and may recover full damages in, a civil action".

133.    O.R.C. § 2919.24(B)(2) provides that "[n]o person, including a parent, guardian, or other custodian of a child, shall […] [a]ct in a way tending to cause a child or a ward of the juvenile court to become an unruly child or a delinquent child".

134.    At all times relevant, Plaintiff was an unruly child pursuant to O.R.C. § 2151.022(A)(B)(C) because Plaintiff did not submit to the reasonable control of her parents, teachers, guardian, or custodian, by reason of being wayward or habitually disobedient, was an habitual truant from school, and behaved in a manner as to injure or endanger her own health or morals.

135.    Plaintiff was truant from school when she regularly lied about being sick and was subsequently kept home from school.

16

136.     Plaintiff did not submit to the reasonable control of her parents by reason of being wayward or habitually disobedient and behaved in a manner as to injure or endanger her own health or morals when she ran away from home many times.

137.     Plaintiff further endangered her own health or morals when she regularly met up with strangers and attempted to commit suicide twice.

138.     A judge sent Plaintiff to the Multi-County Juvenile Detention Center because he determined she was a danger to herself.

139.     Plaintiff engaged in this unruly behavior as a direct and proximate result of Defendant Sharpe's misconduct.

140.     Defendant Sharpe is a person who acted in a way tending to cause a child to become an unruly child in violation of O.R.C. § 2919.24(B)(2).

141.     Plaintiff suffered and continues to suffer economic and non-economic damages as a result of Defendant Sharpe's misconduct, for which Defendant Sharpe is liable.

**Tenth Claim for Relief**
**Against Defendant Sharpe**
*Violations of O.R.C. § 2307.60 and O.R.C. § 2903.22(A)*
*(Menacing)*

142.     Plaintiff re-alleges all prior paragraphs as if set out here in full.

143.     O.R.C. § 2307.60 provides in part that "[a]nyone injured in person or property by a criminal act has, and may recover full damages in, a civil action".

144.     O.R.C. § 2903.22(A) provides in relevant part that "[n]o person shall knowingly cause another to believe that the offender will cause physical harm to the person […] or a member of the other person's immediate family".

145.     In violation of O.R.C. § 2903.22(A), Defendant Sharpe threatened the life of

17

both Plaintiff and Plaintiff's sister.

146.    Plaintiff suffered and continues to suffer economic and non-economic damages as a result of Defendant Sharpe's misconduct, for which Defendant Sharpe is liable.

**Eleventh Claim for Relief**
**Against Defendant Sharpe**
*Violations of O.R.C. § 2307.60 and O.R.C. § 2903.221(A)(1)(3)*
*(Menacing by Stalking)*

147.    Plaintiff re-alleges all prior paragraphs as if set out here in full.

148.    O.R.C. § 2307.60 provides in part that "[a]nyone injured in person or property by a criminal act has, and may recover full damages in, a civil action".

149.    O.R.C. § 2903.221(A)(1) provides in relevant part that "[n]o person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or a family or household member of the other person or cause mental distress to the other person or a family or household member of the other person".

150.    After Plaintiff moved out in or around July, 2016, Defendant Sharpe began to stalk her.

151.    Defendant Sharpe's stalking behavior included but was not limited to following Plaintiff, driving in front of her new residence, parking in front of her new residence, attempting to converse with her in public, and attempting to add her on Facebook.

152.    This behavior caused Plaintiff mental distress and to fear for her physical safety.

153.    O.R.C. § 2903.221(A)(3) provides that "[n]o person, with a sexual motivation, shall violate division (A)(1) or (2) of this section".

154.    Upon information and belief, Defendant Sharpe had sexual motivations for

18

the violations of O.R.C. § 2903.221(A)(1) described above.

155.    Plaintiff suffered and continues to suffer economic and non-economic

damages as a result of Defendant Sharpe's misconduct, for which Defendant Sharpe is liable.

## Twelfth Claim for Relief
### Against Defendant Sharpe
*Violations of O.R.C. § 2307.60 and O.R.C. § 2903.21(A)*
*(Aggravated Menacing)*

156.    Plaintiff re-alleges all prior paragraphs as if set out here in full.

157.    O.R.C. § 2307.60 provides in part that "[a]nyone injured in person or

property by a criminal act has, and may recover full damages in, a civil action".

158.    O.R.C. § 2903.21(A) provides in relevant part that "[n]o person shall

knowingly cause another to believe that the offender will cause serious physical harm to the

person or property of the other person, the other person's unborn, or a member of the other

person's immediate family".

159.    In violation of O.R.C. § 2903.21(A), Defendant Sharpe threatened the life of

both Plaintiff and Plaintiff's sister on at least one occasion when he perceived Plaintiff to be

working against him.

160.    Plaintiff suffered and continues to suffer economic and non-economic

damages as a result of Defendant Sharpe's misconduct, for which Defendant Sharpe is liable.

## Thirteenth Claim for Relief
### Against Defendant Sharpe
*Violations of O.R.C. § 2307.60 and O.R.C. § 2907.06(A)(1)(2)(3)(4)*
*(Sexual Imposition)*

161.    Plaintiff re-alleges all prior paragraphs as if set out here in full.

162.    O.R.C. § 2307.60 provides in part that "[a]nyone injured in person or

property by a criminal act has, and may recover full damages in, a civil action,"

163.    O.R.C. § 2907.06(A)(1) provides that "[n]o person shall have sexual contact with another, not the spouse of the offender [or] cause another, not the spouse of the offender, to have sexual contact with the offender when […] [t]he offender knows that the sexual contact is offensive to the other person, […] or is reckless in that regard."

164.    Defendant Sharpe had sexual contact with Plaintiff and compelled Plaintiff to have sexual contact with him when he knew that the sexual contact was offensive to Plaintiff.

165.    O.R.C. § 2907.06(A)(2) provides that "[n]o person shall have sexual contact with another, not the spouse of the offender [or] cause another, not the spouse of the offender, to have sexual contact with the offender […] when [t]he offender knows that the other person's […] ability to appraise the nature of or control the offender's […] conduct is substantially impaired".

166.    Defendant Sharpe had sexual contact with Plaintiff and caused Plaintiff to have sexual contact with him when he knew that her ability to apprise the nature of the situation and/or control his behavior was substantially impaired due to the prescription medications she was taking.

167.    O.R.C. § 2907.06(A)(3) provides that "[n]o person shall have sexual contact with another, not the spouse of the offender [or] cause another, not the spouse of the offender, to have sexual contact with the offender […] when […] [t]he offender knows that the other person, or one of the other persons, submits because of being unaware of the sexual contact".

168.    One of Plaintiff's prescribed medications would sometimes make her sleep.

169.    On one or more occasions, one of Plaintiff's other prescribed medications woke her up but did not allow her to move. When this happened, she often woke to Defendant Sharpe engaging in sexual conduct with her while she was incapacitated.

170.    Upon information and belief, Defendant Sharpe engaged in sexual conduct

20

with Plaintiff when he knew she was submitting only because she was unconscious and was thus unaware the act was being committed.

171.    O.R.C. § 2907.06(A)(4) provides that "[n]o person shall have sexual contact with another, not the spouse of the offender [or] cause another, not the spouse of the offender, to have sexual contact with the offender […] when […] [t]he other person […] is thirteen years of age or older but less than sixteen years of age, whether or not the offender knows the age of such person, and the offender is at least eighteen years of age and four or more years older than such other person".

172.    Defendant Sharpe is more than four years older than Plaintiff and at all times relevant was more than eighteen years of age.

173.    At the time of the first instance of sexual contact between Defendant Sharpe and Plaintiff, Plaintiff was fifteen years old.

174.    Plaintiff suffered and continues to suffer economic and non-economic damages as a result of Defendant Sharpe's misconduct, for which Defendant Sharpe is liable.

**Fourteenth Claim for Relief**
*Against Defendant Sharpe*
*Violations of O.R.C. § 2307.60 and O.R.C. § 2903.12(A)(1)*
*(Aggravated Assault)*

175.    Plaintiff re-alleges all prior paragraphs as if set out here in full.

176.    O.R.C. § 2307.60 provides in part that "[a]nyone injured in person or property by a criminal act has, and may recover full damages in, a civil action".

177.    O.R.C. § 2903.12(A)(1) provides that "[n]o person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly [c]ause serious physical harm to another or to another's

21

unborn".

178.     Whenever Defendant Sharpe perceived Plaintiff to be acting against him, he would become enraged.

179.     On at least one occasion when Defendant was thusly enraged, he struck Plaintiff, causing her injury.

180.     Plaintiff suffered and continues to suffer non-economic damages as a result of Defendant Sharpe's misconduct, for which Defendant Sharpe is liable.

## Fifteenth Claim for Relief
### Against Defendant Sharpe
### Violations of O.R.C. § 2307.60 and O.R.C. § 2903.13(A)
### (Assault)

181.     Plaintiff re-alleges all prior paragraphs as if set out here in full.

182.     O.R.C. § 2307.60 provides in part that "[a]nyone injured in person or property by a criminal act has, and may recover full damages in, a civil action".

183.     O.R.C. § 2903.13(A) provides that "[n]o person shall knowingly cause or attempt to cause physical harm to another or to another's unborn".

184.     Defendant Sharpe struck Plaintiff on more than one occasion with the intent to cause her physical harm.

185.     Plaintiff suffered and continues to suffer non-economic damages as a result of Defendant Sharpe's misconduct, for which Defendant Sharpe is liable.

## Sixteenth Claim for Relief
### Against Defendant Sharpe
### Violations of O.R.C. § 2307.60 and O.R.C. § 2903.11(A)(1)
### (Felonious Assault)

186.     Plaintiff re-alleges all prior paragraphs as if set out here in full.

187.     O.R.C. § 2307.60 provides in part that "[a]nyone injured in person or

property by a criminal act has, and may recover full damages in, a civil action".

188.     O.R.C. § 2903.11(A)(1) provides that "[n]o person shall knowingly […] [c]ause serious physical harm to another or to another's unborn".

189.     Defendant Sharpe struck Plaintiff on more than one occasion with the intent to cause her serious physical harm.

190.     Plaintiff suffered and continues to suffer non-economic damages as a result of Defendant Sharpe's misconduct, for which Defendant Sharpe is liable.

## Seventeenth Claim for Relief
### *Against Defendant Sharpe*
### *Violations of O.R.C. § 2307.60, O.R.C. § 2905.02(A)(3), and O.R.C. § 2905.02(B)*
### *(Abduction)*

191.     Plaintiff re-alleges all prior paragraphs as if set out here in full.

192.     O.R.C. § 2307.60 provides in part that "[a]nyone injured in person or property by a criminal act has, and may recover full damages in, a civil action".

193.     O.R.C. § 2905.02(A)(3) provides that "[n]o person, without privilege to do so, shall knowingly […] [h]old another in a condition of involuntary servitude".

194.     O.R.C. § 2905.02(B) provides that "[n]o person, with a sexual motivation, shall violate division (A) of this section".

195.     In violation of O.R.C. § 2905.02(A)(3), Defendant Sharpe forced Plaintiff into and held her in a condition of involuntary servitude pursuant to O.R.C. § 2905.31(A) without privilege to do so.

196.     The same misconduct was a violation of O.R.C. § 2905.02(B) because the services that Defendant Sharpe forced Plaintiff to rendered upon Defendant Sharpe were sexual in nature.

197.     Plaintiff suffered and continues to suffer economic and non-economic

damages as a result of Defendant Sharpe's misconduct, for which Defendant Sharpe is liable.

### Eighteenth Claim for Relief
*Against Defendant Sharpe*
*Violations of O.R.C. § 2307.60 and O.R.C. § 2905.12(A)(1)*
*(Coercion)*

198.     Plaintiff re-alleges all prior paragraphs as if set out here in full.

199.     O.R.C. § 2307.60 provides in part that "[a]nyone injured in person or property by a criminal act has, and may recover full damages in, a civil action".

200.     O.R.C. § 2905.12(A)(1) provides that "[n]o person, with purpose to coerce another into taking or refraining from action concerning which the other person has a legal freedom of choice, shall […] [t]hreaten to commit any offense".

201.     In violation of O.R.C. § 2905.12(A)(1), Defendant Sharpe threatened to kill Plaintiff and Plaintiff's sister for the purpose of coercing Plaintiff into engaging in sexual conduct with him.

202.     Plaintiff suffered and continues to suffer economic and non-economic damages as a result of Defendant Sharpe's misconduct, for which Defendant Sharpe is liable.

### Nineteenth Claim for Relief
*Against Defendant Sharpe*
*Violations of O.R.C. § 2307.60, O.R.C. § 2307.51(A), and O.R.C. § 2905.32(A)(2)*
*(Trafficking in Persons)*

203.     Plaintiff re-alleges all prior paragraphs as if set out here in full.

204.     O.R.C. § 2307.60 provides in part that "[a]nyone injured in person or property by a criminal act has, and may recover full damages in, a civil action".

205.     O.R.C. § 2307.51(A) provides that "[a] victim of a violation of section 2905.32 of the Revised Code has and may commence a civil cause of action for compensatory and punitive damages against the trafficker for harm that resulted from the violation of section 2905.32 of the Revised Code".

24

206.     O.R.C. § 2905.32(A)(2) provides in relevant part that "[n]o person shall knowingly […]  transport another person if […] [t]he other person is less than eighteen years of age […] and […] the offender knows that the other person will be subjected to involuntary servitude".

207.     On at least one occasion, Defendant Sharpe drove his truck while forcing Plaintiff to engage in sexual conduct with him.

208.     Defendant Sharpe subjected Plaintiff to involuntary servitude as defined by O.R.C. § 2905.31(A) when Defendant Sharpe compelled her to render sexual services upon him.

209.     At all relevant times, Plaintiff was less than eighteen years of age.

210.     Defendant Sharpe knowingly transported Plaintiff, less than eighteen years of age, knowing that she would be subjected to involuntary servitude.

211.     Plaintiff suffered and continues to suffer economic and non-economic damages as a result of Defendant Sharpe's misconduct, for which Defendant Sharpe is liable.

## **Twentieth Claim for Relief**
### *Against Defendant Sharpe*
### *Violations of O.R.C. § 2307.60 and O.R.C. § 2907.07(B)(1)(2)*

212.     Plaintiff re-alleges all prior paragraphs as if set out here in full.

213.     O.R.C. § 2307.60 provides in part that "[a]nyone injured in person or property by a criminal act has, and may recover full damages in, a civil action".

214.     O.R.C. § 2907.07(B)(1) provides "[n]o person shall solicit another, not the spouse of the offender, to engage in sexual conduct with the offender, when the offender is eighteen years of age or older and four or more years older than the other person, and the other person is thirteen years of age or older but less than sixteen years of age, whether or not the offender knows the age of the other person".

25

215. Defendant Sharpe was eighteen years of age or older at all times relevant.

216. Defendant Sharpe is more than four years older than Plaintiff.

217. The first time Defendant Sharpe solicited Plaintiff to engage in sexual conduct with him, she was fifteen years of age.

218. O.R.C. § 2907.07(B)(2) provides that "No person shall solicit another, not the spouse of the offender, to engage in sexual conduct with the offender, when the offender is eighteen years of age or older and four or more years older than the other person, the other person is sixteen or seventeen years of age and a victim of a violation of section 2905.32 of the Revised Code, and the offender knows or has reckless disregard of the age of the other person".

219. Defendant Sharpe was eighteen years of age or older for all times relevant, and is four or more years older than Plaintiff.

220. Excepting the first instance of Defendant Sharpe's sexual solicitation of Plaintiff, Plaintiff was sixteen or seventeen years of age for all instances of Defendant Sharpe's sexual solicitation of her.

221. As demonstrated above in Plaintiff's nineteenth claim for relief, Plaintiff is a victim of a violation of O.R.C. § 2905.32.

222. Defendant Sharpe knew Plaintiff's age.

223. Plaintiff suffered and continues to suffer economic and non-economic damages as a result of Defendant Sharpe's misconduct, for which Defendant Sharpe is liable.

## **Twenty-First Claim for Relief**
### *Against Hocking County*
### *Gross Negligence*

224. Plaintiff re-alleges all prior paragraphs as if set out here in full.

225. Defendant Hocking County, through Hocking County Children Services, had

26

actual knowledge, and/or had constructive knowledge, and/or failed to conduct a proper investigation into Defendant Sharpe's reported abuse of Plaintiff and other minors. A proper investigation would have revealed Defendant Sharpe's abuse of Plaintiff and other minors.

226.    Defendant Hocking County should have known to conduct a thorough investigation on Defendant Sharpe since he was already a registered tier one sex offender and because Plaintiff reported sexual abuse to Defendant Hocking County via Hocking County Children Services.

227.    Plaintiff attempted to inform Defendant Hocking County through Hocking County Children Services after the first incident of rape.

228.    Katie Hannah, an employee and representative of Hocking County Children Services and Defendant Hocking County, received Plaintiff's report and called her a liar.

229.    Defendant Sharpe had at least nine victims, each representing numerous failures on the part of Defendant Hocking County.

230.    Defendant Hocking County had and failed to act upon numerous opportunities to stop Defendant Sharpe.

231.    At all times material hereto, Defendant Hocking County maintained a policy and practice of negligently and/or deliberately allowing Defendant Sharpe to sexually abuse and endanger Plaintiff and other minors.

232.    Defendant Hocking County was reckless with regard toward known risks for child abuse against Plaintiff and other children perpetrated by Defendant Sharpe.

233.    The wrongful policies, practices, customs, and/or usages complained of herein, demonstrated a deliberate indifference on the part of Defendant Hocking County to the constitutional rights of Plaintiff, and were a direct and proximate cause of the violations of Plaintiff's rights alleged herein.

## Twenty-Second Claim for Relief
### *Against City of Logan*
### *Gross Negligence*

234.    Plaintiff re-alleges all prior paragraphs as if set out here in full.

235.    Defendant LPD had actual knowledge, and/or had constructive knowledge, and/or failed to conduct a proper investigation into Defendant Sharpe's reported abuse of Plaintiff and other minors. A proper investigation would have revealed Defendant Sharpe's abuse of Plaintiff and other minors.

236.    Defendant LPD should have known to conduct a thorough investigation on Defendant Sharpe since he was already a registered tier one sex offender and because of Plaintiff's numerous escape attempts.

237.    Plaintiff attempted to escape many times and was repeatedly stopped by Defendant LPD.

238.    Josh Mowery, at all times relevant, was a police officer and representative of Defendant LPD.

239.    Josh Mowery often caught Plaintiff, disbelieved her claims of abuse without due diligence, called Plaintiff a liar, and told her that he enjoyed arresting her.

240.    Defendant Sharpe had at least nine victims, each representing numerous failures on the part of Defendant LPD.

241.    At all times material hereto, Defendant LPD maintained a policy and practice of negligently and/or deliberately allowing Defendant Sharpe to sexually abuse and endanger Plaintiff and other minors.

242.    LPD was reckless with regard toward known risks for child abuse against Plaintiff and other children perpetrated by Defendant Sharpe.

243. The wrongful policies, practices, customs, and/or usages complained of herein, demonstrated a deliberate indifference on the part of Defendant LPD to the constitutional rights of Plaintiff, and were a direct and proximate cause of the violations of Plaintiff's rights alleged herein.

## Twenty-Third Claim for Relief
### *Against Defendant Sharpe*
### *Violation Under O.R.C. § 2307.60(A)(1) and O.R.C. § 2919.22(A)*
### *(Endangering Children)*

244. Plaintiff re-alleges all prior paragraphs as if set out here in full.

245. Pursuant to O.R.C. § 2307.60(A)(1), "Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action, including attorneys' fees and punitive damages".

246. O.R.C. § 2919.22(A) provides that "[n]o person, who is […] in loco parentis of a child under eighteen years of age […] shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support".

247. Defendant Sharpe was a person in loco parentis of Plaintiff when she was a minor.

248. Hocking County Children Services designated Defendant Sharpe as a safe person to caretake Plaintiff when necessary.

249. Plaintiff often stayed with Defendant Sharpe, sometimes for weeks at a time.

250. Defendant Sharpe told Plaintiff on numerous occasions he was waiting for her sixteenth birthday to have sex with her, presumably in a bid to secure lesser penalties.

251. Beginning just before Plaintiff's 16th birthday, Defendant Sharpe regularly sexually abused her.

252. Defendant Sharpe stalked Plaintiff for years after she moved away.

253.    Defendant Sharpe's acts were willful, egregious, malicious, and worthy of substantial sanction to punish and deter Defendant from engaging in this type of unlawful conduct in the future.

254.    As a direct and proximate result of Defendant Sharpe's activity, Plaintiff has suffered and continues to suffer extensive economic and non-economic damages for which Defendant Sharpe is liable.

**Twenty-Fourth Claim for Relief**
*Against Defendant Katie Hannah*
*Violation Under O.R.C. § 2307.60 and O.R.C. § 2921.45*
*(Interfering with Civil Rights)*

255.    Plaintiff re-alleges all prior paragraphs as if set out here in full.

256.    Pursuant to O.R.C. § 2307.60(A)(1), "Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action, including attorneys' fees and punitive damages".

257.    This claim is brought against Defendant Katie Hannah in her individual and official capacity, based upon her violation of O.R.C. § 2921.45 which prohibits public servants from depriving any person of a constitutional or statutory right.

258.    At all times material hereto, Defendant Katie Hannah was an employee and/or agent of Hocking County Children Services, acting within the course and scope of her employment with Hocking County Children Services, and in furtherance of the interest of and with the consent of Hocking County Children Services.

259.    O.R.C. § 2921.45 states "(A) No public servant, under color of his office, employment, or authority, shall knowingly deprive, or conspire or attempt to deprive any person of a constitutional or statutory right."

260.    When Plaintiff reported sexual abuse to Hocking County Children Services,

the representative who received her report was Defendant Katie Hannah. Defendant Katie

Hannah called Plaintiff a liar for her allegations of sexual abuse, and, upon information and

belief, took no action on Plaintiff's behalf.

261.     Defendant Katie Hannah acted knowingly and intentionally and her actions

actually and proximately caused the violation of Plaintiff's Constitutional rights, and in the

process caused physical damages and permanent and ongoing psychological damages, in

addition to the deprivation of Plaintiff's civil rights.

**<u>Twenty-Fifth Claim for Relief</u>**
***Against Defendant Josh Mowery***
***Violation Under O.R.C. § 2307.60 and O.R.C. § 2921.45***
***(Interfering with Civil Rights)***

262.     Plaintiff re-alleges all prior paragraphs as if set out here in full.

263.     Pursuant to O.R.C. § 2307.60(A)(1), "Anyone injured in person or property

by a criminal act has, and may recover full damages in, a civil action, including attorneys'

fees and punitive damages".

264.     This claim is brought against Defendant Josh Mowery in his individual and

official capacity, based upon his violation of O.R.C. § 2921.45 which prohibits public

servants from depriving any person of a constitutional or statutory right.

265.     At all times material hereto, Defendant Josh Mowery was an employee and/or

agent of Defendant LPD, acting within the course and scope of his employment with

Defendant LPD, and in furtherance of the interest of and with the consent of Defendant LPD.

266.     O.R.C. § 2921.45 states "(A) No public servant, under color of his office,

employment, or authority, shall knowingly deprive, or conspire or attempt to deprive any

person of a constitutional or statutory right."

267.     When Plaintiff attempted to flee her abusive environment on numerous

occasions, Defendant Josh Mowery often caught her and returned her to her abusive environment without due diligence. On at least one occasion, Defendant john Mowery told Plaintiff he enjoyed arresting her.

268.    Defendant Josh Mowery acted knowingly and intentionally and his actions actually and proximately caused the violation of Plaintiff's Constitutional rights, and in the process caused physical damages and permanent and ongoing psychological damages, in addition to the deprivation of Plaintiff's civil rights.

## VI.    CONCLUSION

269.    As a direct result of Defendants' wrongful acts and omissions, Plaintiff had and continues to have difficulty reasonably or meaningfully interacting with others, including those in positions of authority over Plaintiff, including supervisors, and in intimate, confidential, and familial relationships.

270.    Plaintiff's inability to interact creates conflict with Plaintiff's values of trust and confidence in others, and has caused Plaintiff substantial emotional distress, anxiety, nervousness, and fear. As a direct result of the Defendants' tortuous acts, omissions, wrongful conduct, and/or breaches of their duties, Plaintiff has experienced and continues to experience severe issues with her personal life, including issues with trust and difficulties in maintaining meaningful relationships. These feelings have caused Plaintiff substantial emotional distress, anxiety, nervousness, and fear.

271.    As a direct and proximate result of the Defendants' tortuous acts, omissions, wrongful conduct, and/or breaches of their duties, whether willful or negligent, Plaintiff's employment and personal development has been and/or will be adversely affected. Plaintiff has lost and/or will lose wages as a result of the wrongful acts alleged herein.

## VII.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Allison Gilligan respectfully demands judgment against Defendants and asks the Court for the following relief:

(a) Compensatory damages on each claim set forth in the Complaint to reflect the damages Plaintiff sustained and has continued to sustain since the events described in the Complaint took place;

(b) Economic damages, including past and future medical bills and lost wages;

(c) Non-economic damages, including past and future emotional distress, loss of normal life, disability, and psychological damages;

(d) Punitive damages in an amount to be determined at trial;

(e) Statutory damages;

(f) Pre and post judgment interest;

(g) Attorneys' fees and costs; and

(h) Such additional relief as the Court deems just and equitable.

## VIII.  JURY DEMAND

Plaintiff Allison Gilligan demands trial by jury on all counts of the Complaint.

DATED: February 14, 2023                                  Respectfully submitted,

<span style="margin-left:40%">s/ *Michael L. Fradin*</span>
<span style="margin-left:40%">Attorney for Plaintiff</span>
<span style="margin-left:40%">8 N. Court St. Suite 403</span>
<span style="margin-left:40%">Athens, Ohio 45701</span>
<span style="margin-left:40%">P: 847-986-5889</span>
<span style="margin-left:40%">F: 847-673-1228</span>
<span style="margin-left:40%">mike@fradinlaw.com</span>