UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALLISON GILLIGAN,

      **Plaintiff,**

  v.                                Civil Action 2:23-cv-625
                                        Judge Michael Watson
                                        Magistrate Judge Chelsey M. Vascura

HOCKING COUNTY, OHIO, *et al.*,

      **Defendants.**

**OPINION AND ORDER**

This matter is before the Court for consideration of the Motion to Stay Discovery of Defendants Katie Hannah, Ross County, South Central Ohio Job and Family Services, Vinton County, and Hocking County (ECF No. 72) pending the Court's ruling on those Defendants' Motion for Judgment on the Pleadings (ECF No. 64, 68–69). For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Stay Discovery (ECF No. 72).

                **I.    BACKGROUND**

On June 5, 2023, Plaintiff, Allison Gilligan, filed her First Amended Complaint against Hocking County, Ross County, Vinton County, the City of Logan, South Central Ohio Job and Family Services, William Mickey Sharpe, Katie Hannah, and Josh Mowery. (ECF No. 29.) The Amended Complaint alleges that Defendants were either involved in or deliberately indifferent to her sexual and physical abuse. (*Id.* ¶ 1.) Plaintiff brings this action pursuant to both 42 U.S.C. § 1983 and O.R.C. §§ 2307.60, 2921.45. (*Id.* ¶ 10, 14.) Plaintiff seeks compensatory damages,

economic damages, non-economic damages, punitive damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs. (*Id.* at 341).

With the exception of William Mickey Sharpe (whose default was entered on June 5, 2023 (ECF No. 24)) and Josh Mowery, all Defendants filed Motions for Judgment on the Pleadings over the period of November 7 through December 26, 2023. (ECF Nos. 64, 68–69.) In those motions, Defendants raised defenses of statutory immunity pursuant to Ohio Revised Code § 2744.02. (*See* ECF No. 64 at 2; EFC No. 68 at 15; EFC No. 69 at 7.)

On November 16, 2023, Defendants Katie Hannah, Ross County, South Central Ohio Job and Family Services, Vinton County, and Ross County filed the present Motion to Stay Discovery (ECF No. 72) pending a ruling on the dispositive motions (ECF No. 64, 68, 69). Defendants argue that a stay is warranted because their Motions for Judgment on the Pleadings are likely to succeed and because Defendants have raised the defense of Ohio statutory immunity. Plaintiff opposes a stay of discovery, contending that Defendants' pending Motion to Stay Discovery would cause "irreparabl[e] prejudice[]." (ECF No. 77 at 3.)

## II. STANDARD OF REVIEW

"A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court." *Peters v. Credit Prot. Ass'n LP*, No. 2:13-CV-767, 2014 WL 6687146, at *3 (S.D. Ohio Nov. 26, 2014). The Federal Rules of Civil Procedure "permit[] a district court to issue a protective order staying discovery during the pendency of a motion for 'good cause shown.'" *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-cv-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010) (quoting Fed. R. Civ. P. 26(c)). As the United States Court of Appeals for the Sixth Circuit has often recognized, "[d]istrict courts have broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v.*

*Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). In addition, "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

In assessing whether a stay is appropriate, "a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bowens*, 2010 WL 3719245, at *1. "When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery." *Williamson v. Recovery Ltd. P'ship*, No. 2:06-CV-0292, 2010 WL 546349, at *1 (S.D. Ohio Feb. 10, 2010) (citing *Marrese v. Am. Acad. of Orthopedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983)).

In exercising its discretion on this issue, the Court has frequently found that "the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Bowens*, 2010 WL 3719245, at *2 (internal citation omitted) (denying the defendants' motion to stay discovery despite their pending summary judgment motion); *see also Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 WL 3522397, at *1–2 (S.D Ohio Sept. 7, 2010) (denying motion to stay discovery pending a ruling on a potentially dispositive motion). The Court has noted various reasons for this general approach:

> The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. 4 J. Moore, *Federal Practice* § 26.70[2], at 461. Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation . . . . Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions. Furthermore, a stay of the type requested by defendants,

3

> where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion. Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a "fishing expedition" or for settlement value, *cf. Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741, 95 S.Ct. 1917, 1928, 44 L.Ed.2d 539 (1975), this is not such a case.

*Williams*, 2010 WL 3522397, at *2 (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)). Accordingly, a stay will not "ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion" unless that motion "raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed." *Williams*, 2010 WL 3522397, at *2; *see also Ohio Bell Tel. Co. v. Glob. NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008); *see also Peters*, 2014 WL 6687146, at *3.

### III.  ANALYSIS

Neither the pendency of Defendants' Motion for Judgment on the Pleadings nor their assessment of the merits of their Motion for Judgment on the Pleadings is persuasive. As set forth above, the existence of a "garden-variety" dispositive motion is generally insufficient to justify a stay discovery. *See, e.g.*, *Williams*, 2010 WL 3522397, at *1–2. Defendants' insistence that their Motion for Judgment on the Pleadings is meritorious is likewise insufficient where, as here, the Court cannot conclude that Plaintiffs' claims are frivolous or that it is highly likely that Defendants' Motion for Judgment on the Pleadings will be granted. *See Dummen NA, Inc. v. Proven Winners N. Am. LLC*, No. 2:16-CV-00709, 2017 WL 4868201, at *1-2 (S.D. Ohio May 3, 2017) (citations omitted) (explaining that it is "unpersuasive for a party to rely on the strength of the motion to dismiss in moving for a motion to stay, unless the complaint is clearly frivolous," and that the Court is "not inclined to grant a stay based on one party's view of the strength of its Motion to Dismiss"); *see also Ohio Bell Telephone,* 2008 WL 641252, at *2

(denying a motion to stay discovery where the jurisdictional issues raised in the dispositive motion were "fairly debatable," but noting that it might be persuaded to grant a stay of discovery if the issues were "clear-cut" such that "the likelihood of a jurisdictional dismissal were high"); *City of Lancaster v. Flagstar Bank, FSB*, No. 2:10-CV-01041, 2011 WL 1326280, at *4 (S.D. Ohio Apr. 5, 2011) (denying a motion to stay discovery after concluding that the parties' contentions were not frivolous).

The Court acknowledges this is not a "garden-variety" dispositive motion because it requires resolution of Defendants' immunity defenses. "If a defendant moves for dismissal on grounds of qualified immunity, the court must not only determine that issue at the earliest possible moment, but also stay discovery while the motion is under advisement." *Roth v. President & Bd. of Trustees of Ohio Univ.*, No. 2:08-CV-1173, 2009 WL 2579388, at *1 (S.D. Ohio Aug. 18, 2009) (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Lavado v. Keohane,* 992 F.2d 601 (6th Cir. 1993)); *see also Reyst v. Lanis*, No. 06-15468, 2007 WL 1544394, at *2 (E.D. Mich. May 25, 2007) (staying discovery pending resolution of Eleventh Amendment immunity issues on summary judgment).

Yet only some of Plaintiff's claims are subject to O.R.C. § 2744.02–.03 immunity defenses. Plaintiff's claims against Defendants for violations of 42 U.S.C. § 1983 will not be affected by the Court's ruling on Ohio statutory immunity. *See Hale v. Vance*, 267 F. Supp. 2d 725, 731, n. 3 (S.D. Ohio 2003). The Ohio Revised Code expressly states that immunity provided by O.R.C. § 2744.02–.03 does not apply to "civil claims based upon alleged violations of the constitution or statutes of the United States." O.R.C. § 2744.09(E). Accordingly, in *Owens v. City of Columbus*, the court held that "O.R.C. § 2744.02(A) does not grant Defendants

5

governmental immunity from Plaintiff's claims under 42 U.S.C. § 1983 for alleged violations of his constitutional rights, and as such, these claims may survive." No. 03-CV-696, 2006 WL 783437, at *3 (S.D. Ohio Mar. 27, 2006); *see also DuBose v. Charles*, No. 2:12-CV-971, 2013 WL 12284523, at *7 (S.D. Ohio May 29, 2013) (concluding that "[state law] [s]tatutory immunity does not apply to § 1983 claims"). As to their § 1983 claims, therefore, Defendants' request for a stay relies only on the strength of their Motion for Judgment on the Pleadings which, as explained *supra*, does not constitute grounds for a stay of discovery. Therefore, the Court must decide whether to permit discovery on claims unaffected by the immunity analysis while the dispositive motion is pending.

Under the circumstances, the Court answers in the affirmative. The policy underlying immunity defenses "is a desire to avoid the substantial costs imposed on government, and society, by subjecting officials to the risks of trial." *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir. 2002) (quoting *Vaughn v. United States Small Bus. Admin.,* 65 F.3d 1322, 1326 (6th Cir. 1995)). But Defendants are not entitled to avoid participating in discovery in the entire action merely because certain of the causes of action may be subject to an immunity defense. Indeed, "[m]ost courts faced with this issue have ruled in favor of allowing discovery to proceed on the claims to which . . . immunity does not apply." *Roth*, 2009 WL 2579388, at *3 (collecting cases).[1] Accordingly, discovery may proceed on all claims not subject to an immunity defense.

---

[1] Although the statutory immunity provided by O.R.C. § 2744.02–03 is different from the qualified immunity discussed in these cases, the undersigned finds that the same policy considerations underlie the statutory and qualified immunities such that case law construing qualified immunity is persuasive here.

## IV. DISPOSITION

For the foregoing reasons, Defendants' Motion to Stay Discovery (ECF No. 72) is **GRANTED IN PART and DENIED IN PART**. Discovery pertaining only to Plaintiff's claims under O.R.C. §§ 2307.60 and 2921.45 is **STAYED** pending the Court's resolution of Defendants' Motion for Judgment on the Pleadings (ECF No. 64, 68–69). All other discovery may proceed.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE